**MACAULEY LLC**
P.O. Box 2792
Wilmington, DE 19805

Thomas G. Macauley
tm@macdelaw.com

Telephone: (302) 562-6141

June 27, 2025

**FILED ON DOCKET**

The Honorable Craig T. Goldblatt
United States Bankruptcy Judge
United States Bankruptcy Court
  for the District of Delaware
824 N. Market Street, Third Floor
Wilmington, DE 19801

    Re: *Success Healthcare 1, LLC et al. v. Surgical Program Dev.*, Adv. No. 20-50769

Dear Judge Goldblatt:

    I write to follow up on Your Honor's question asked during closing argument at the one-day trial in this adversary proceeding on June 10, 2025. Specifically, Your Honor asked about the effect on damages in the event that my client, Surgical Program Development, LLC ("SPD"), might have hypothetically been unable to move its business had it received 90 days' notice of termination of the contract.[1]

    At closing argument, the parties disputed the burden of proof to show whether SPD would have been able to move its business had it received 90 days' notice. California law supports SPD's view that it does not have any burden of proof on this point.

---

[1] There is no evidence in the record that SPD could not have moved its program had SPD received 90 days' notice as set forth in Section 4.3 of the contract. The only evidence was that SPD was unable to move the program to another hospital within five miles after the contract was terminated and surgeries halted -- a very different scenario than the one posed by the Court because the surgeons -- as Mr. Bakir testified, the key program component -- were very angry at SPD for having their scheduled surgeries cancelled. In contrast, with the support of its participating surgeons and sufficient notice, the result would have been different because the surgeons would have applied for privileges at another hospital and moved their cases. Then, SPD would have contacted the hospital to negotiate a contract that guaranteed payment to the hospital for the surgeons' cases -- whether or not the hospital already had an existing spine program. Moreover, with 90 days' notice and the support of its participating surgeons, SPD could have considered hospitals or surgery centers further than five miles away.

"In an action for breach of contract, the measure of damages is 'the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom' (Civ. Code, § 3300), provided the damages are 'clearly ascertainable in both their nature and origin' (Civ.Code, § 3301)." *Erlich v. Menezes*, 87 Cal. Rptr. 2d 886, 890 (Cal. 1999).

SPD's damages are the delta between the value of its business immediately prior to the termination of the contract and zero, which was SPD's value as a result of the termination. SPD proved its damages by establishing the value of SPD's business before termination of the contract through historical financial information and the testimony of Messrs. Bakir and Louis and after termination of the contract through the testimony of Mr. Bakir.

In California, it is clear that "[t]he burden of proving that losses could have been avoided by reasonable effort and expense must always be borne by the party who has broken the contract." *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 460 (1990); *see also Kashmiri v. Regents of the Univ. of Cal.*, 67 Cal. Rptr. 3d 635, 666 (Cal. Ct. App. 2007) ("The burden of establishing mitigation rests with the defendant.").

The argument that SPD's damages should be limited if it could not move its business with 90 days' notice resembles mitigation since the argument is independent from SPD's case-in-chief and relates to events following termination rather than in connection with termination. Therefore, the burden with respect to events subsequent to termination should not belong to SPD.

The California Supreme Court's decision in *Sanchez-Corea v. Bank of America*, 38 Cal. 3d 892 (1985), supports this view. There, the court held that sufficient evidence supported a jury verdict awarding lost profits on a breach of contract claim against a bank where the company would have continued to grow and profit "[b]ut for" the actions of the bank. *Id.* at 908. In response to the bank's argument that the company's financial resources were not comparable to the earnings of other companies, the court stated that "[t]he wrongdoer cannot complain if his own condition creates a situation in which the court must estimate rather than compute." *Id.* Likewise, since Success breached the contract, it should not benefit from any uncertainty whether SPD could have moved its business had it hypothetically been given 90 days' notice.

Accordingly, California law does not support any denial or percentage discount of SPD's damages for the hypothetical posed by the Court. If the Court believes that SPD may have had some difficulty in moving its business had it been given 90 days' notice of termination, then the Court can factor that risk in considering an appropriate discount rate for valuing SPD's business under the income approach.

I am available at the Court's convenience to address any questions.

Respectfully,

*/s/ Thomas G. Macauley*

Thomas G. Macauley (No. 3411)