Kane Russell Coleman Logan PC<br>
401 Congress Avenue | Suite 2100<br>
Austin, Texas 78701<br>
krcl.com<br>
<br>
Mark C. Taylor<br>
mtaylor@krcl.com<br>
Tel: (512) 478.6560

July 2, 2025

**FILED ON DOCKET**

The Hon. Craig T. Goldblatt
United States Bankruptcy Judge
United States Bankruptcy Court
   For the District of Delaware
Wilmington, DE 19801

       Re:    *Success Healthcare 1, LLC et al v. Surgical Program Development*, Adv. No. 20-50769

Dear Judge Goldblatt:

      We have received and reviewed the letter brief submitted by Surgical Program Development, LLC ("SPD"). As set forth below, SPD's attempt to both shift the burden of proof and re-define the damage element is misplaced.

      The starting point, as discussed in the Plaintiff's Trial Brief Regarding Damages, is that breach of contract damages based on the breach of a provision requiring notice for termination without cause is limited to the damages that are attributable for the contractual "without cause" term. As set forth in cases discussed in the Trial Brief, there can be no expectation of damages beyond a termination period, even if the termination provision is allegedly breached.

      SPD first attempts to offer what is effectively post-trial "evidence" in footnote 1 that SPD could have moved its business to a new hospital within the 90-day period. At trial, other than Mr. Bakir's non-specific testimony that he could have found another location, the testimony was direct and clear that there were 3 possible locations: St. Vincent's, Thousand Oaks and Valley Presbyterian. As the testimony further revealed, none of these were viable locations. This Court should not entertain SPD's attempted evidentiary gamesmanship.

      SPD then attempts to flip the burden to Plaintiff to prove a negative, stating "There is no evidence in the record that SPD could not have moved its program had SPD received 90 days' notice…" SPD also asserts it is Plaintiff's burden to establish that "the burden of proving losses could have been avoided by reasonable effort and expense must always be borne by the party who has broken the contract." The two cases cited by SPD, however, deal with proof of an affirmative defense of mitigation of damages.

June 30, 2025
Page 2

      SPD conflates mitigation of damages with proof of causation and damages by a party seeking damages. California law requires that a party seeking recovery on a breach of contract claim "must prove damages resulting from the breach." *Herbalife Int'l of America, Inc. v. Eastern Computer Exchange, Inc.*, 723 F.Supp.3d 888, 899 (C.D. Cal. 2024) (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011)).[1] Similarly, damages which are remote, contingent or merely possible "cannot serve as a legal basis for recovery for breach of contract," and a plaintiff seeking recovery for breach of contract "has the burden of proving nonspeculative damages with reasonable certainty." *Copenbarger v. Morris Cerullo World Evangelism, Inc.*, 29 Cal. App. 5th 1, 11 (Cal. Ct. App. 2018) (citations omitted). SPD's damages require that it have been able to move its business within a 90-day period had that notice been provided.[2]

      This is not a matter of adjusting the discount rate as SPD suggests. SPD's expert did not provide any analysis regarding a risk factor for the inability to move and, as the Court may recall, SPD's expert did not even know at the time he prepared his report that the contract was terminable without cause on 90-days' notice.

      Finally, SPD's reliance on *Sanchez-Correa v. Bank of America*, 38 Cal.3d 892 (1985) is misplaced. That case involved the issue of whether a jury's award of damages should be overturned on appeal based on whether there was sufficient evidence to support the jury's award. The Court upheld the award based on the evidence presented. There is a distinct difference between estimating damages and proving that a breach caused damages. Both sides presented calculations of the value of SPD's business;[3] that does not mean any damages are awardable beyond, perhaps, 90 days of calculable damages.

      Accordingly, SPD has failed to meet its burden to prove causation and has done nothing more that provide contingent or "merely possible" damages, with no direct testimony.

                              Very truly yours,

                              **KANE RUSSELL COLEMAN LOGAN PC**

                              By: */s/Mark C. Taylor*
                                  Mark C. Taylor, Director

---

[1] Tort-based damages similarly must be linked to the alleged injury by "proximate cause." *Prostar Wireless Group LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1015–16 (N.D. Cal. 2018); *Sacramento Municipal Utility Dist. v. Kwan*, 101 Cal. App. 5th 808 (Cal. Ct. App. 2024).

[2] As discussed at trial, the termination was "for cause" based on the failure to pay amounts due; this analysis assumes that the 90-day provision was applicable.

[3] With respect to the "company specific risk premium" issue, Plaintiff refers the Court to Judge Silverstein's recent opinion in *Kirschner v. J.P. Morgan Chase Bank, N.V.* (*In re Millenium Lab Holdings II, LLC*), Adv. No. 15-51840 (LSS), 2025 WL 794311, at *14–15 (Bankr. D. Del. March 12, 2025).